O’Neall, J.
delivered the opinion of the Court.
In this case, I do not think the statute of limitations can protect the defendant. The statute cuts off the action of as-sumpsit, where, between the citizens of the same State, laboring under no disability, four years have come and gone, after the cause of action given, or accrued before the suit is brought. The inquiry is, when did the plaintiff’s cause of action accrue, certainly not, until they incurred damage, on account of their relation to the defendant, when they paid money for and on account of him, then they could sue him but not before. After May, 1846, they were compelled to pay on account of the defendant’s cotton, which they had sold as his factors, the amount now claimed. For this, they certainly had no right of action, until they paid the money. It is true, if the statute could have protected the plaintiffs, from the action of the person (Hyde) to whom they sold, then the defendant could stand on that ground and defeat the plaintiffs. But it seems Hyde, who lived beyond seas, (and who is therefore entitled to five years to bring his action,) bought the cotton in March, ’39, and brought suit in July ’43. His action was therefore clearly in time.
If this were an action, on the sale of the cotton, in March, 1839. against the defendant, then the action would be like, Bartley v. Faulkner, where winter wheat was delivered, on contract to deliver spring wheat, and the statute would run from the breach of the contract, and not from the discovery of the fraud.
But here the action is not on that contract. It has already been tried, and disposed of, in the case of Hyde v. Legare and O'Hear. They have been charged on that contract,,and they now say, we made that contract as the agents of the defendant, we give him notice to defend it, as well as we could, but notwithstanding our defence, we were held liable, and we have been compelled to pay the' sum now claimed, and we therefore demand it from the defendant. From this statement, the defendant’s liability is apparent. The only question would seem to be, whether the verdict against Legare and O'Hear, must not be regarded as a verdict against this defendant, and conclude him from any anterior defence? I should (if it were necessary) be very much inclined to say it would.
This question about the running of the statute of limita *380 tions may very well be judged of, by the analogous case of gurety an¿ principal. The principle is very well stated, in Angell on Limitations, 186. “An action by a surety, against debtor, is not barred by the time, which has elapsed, since the debt was incurred, but only by the time which has elapsed, since the surety paid the money, if the money was paid ^ ¿/ie surety before the liability to the original creditor was barred. The same doctrine was recognised and enforced in Peters v. Barnhill. There is nothing in the second ground; the counsel fee, like the costs and expences incurred, might be recovered, if the plaintiffs litigated in good faith. That they did, is most manifest. For their defence saved the defendant from a part of the sum claimed, which, if they had treated the case, as he did, might have been recovered.
i Hill 234 1 ’
The motion for a new trial is dismissed.
Evans, J. — Wardlaw, J. — Frost, J. — and' Withers, J. concurred.

Motion refused.